UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHARLES URBAN HINES, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Cause No. 2:20-CV-1 RLM |
| ) | |
| ANDREW M. SAUL, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant ) | |

OPINION AND ORDER

Charles Hines seeks judicial review of the final decision of the Commissioner of Social Security's decision denying his application for Disability Insurance Benefits under the Social Security Act, 42 U.S.C. §§ 423 *et seq.* The court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g). The court took the appeal under advisement after a telephonic hearing on March 24, 2021, and for the following reasons REVERSES the Commissioner's decision and REMANDS for further proceedings.

Mr. Hines alleges disability beginning in April 2015, when he was 58 years old. He applied protectively for disability insurance benefits based on diabetes, high blood pressure, a history of heart attacks, and torn shoulders and a torn bicep. He is insured for disability insurance benefits through December 31, 2021. His application was denied initially, upon reconsideration, and after an administrative hearing in August 2018. The ALJ concluded that Mr. Hines had the residual functional capacity to perform medium work with limitations. He didn't have any past relevant work, but he could perform other work that existed

in significant numbers in the national economy, and therefore wasn't disabled within the meaning of the Act. More specifically, the ALJ found that:

- Mr. Hines has severe impairments – arthritis, diabetes, history of right shoulder and biceps surgery, neuropathy, obesity, and history of heart attack.

- Mr. Hines also has hypertension, which is a medically determinable impairment but not severe.

- Mr. Hines' impairments aren't severe enough, either singularly or in combination, to meet or medically equal any of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App'x 1. The ALJ considered listings 1.02 (disfunction of a major weight-bearing joint) and 4.12 (peripheral arterial disease). He also considered the effect of Mr. Hines' obesity on his medically determinable impairments.

- Mr. Hines had the residual functional capacity to perform medium work, with the additional restrictions that he:

    1. Can occasionally reach overhead with both upper extremities, and frequently reach in all other directions with both upper extremities;

    2. Can frequently handle and finger with both hands, and occasionally feel with both hands;

    3. Can frequently climb ramps and stairs, as well as frequently balance, stoop, kneel, crouch, and crawl;

2

      4. Can occasionally work in extreme cold, extreme heat, humidity, wetness, and dust, odors, fumes, and pulmonary irritants; and

      5. Can never climb ladders, ropes, or scaffolds, work at unprotected heights, or work around dangerous machinery with moving mechanical parts.

- Based on the vocational expert's testimony, Mr. Hines is unable to perform any past relevant work, but he could perform other work that existed in significant numbers in the national economy, such as lamination assembler, bagger, and machine feeder.

[AR 17-24]. When the Appeals Council denied Ms. Hines's request for review, the ALJ's decision became the final decision of the Commissioner of Social Security. Jones v. Astrue, 623 F.3d 1155, 1160 (7th Cir. 2010). This appeal followed.

    Mr. Hines asserts that the ALJ erred by improperly weighing the medical evidence. He presents several issues for review, but there need only be one ground for remand, and the ALJ's failure to consider the evidence from Mr. Hines's treating neurologist is such a ground. The court addresses two of Mr. Hines's other arguments about the ALJ's consideration of the medical evidence only as guidance for the ALJ on remand.

    The issue before the court isn't whether Mr. Hines is disabled, but whether substantial evidence supports the ALJ's decision that he wasn't disabled. Scott v. Astrue, 647 F.3d 734, 739 (7th Cir. 2011); Nelms v. Astrue, 553 F.3d 1093, 1097 (7th Cir. 2009). Substantial evidence means "such relevant evidence as a

3

reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); Jones v. Astrue, 623 F.3d 1155, 1160 (7th Cir. 2010). In reviewing the ALJ's decision, the court can't reweigh the evidence, make independent findings of fact, decide credibility, or substitute its own judgment for that of the Commissioner, Simila v. Astrue, 573 F.3d 503, 513 (7th Cir. 2009); Powers v. Apfel, 207 F.3d 431, 434-435 (7th Cir. 2000), but instead must conduct "a critical review of the evidence, considering both the evidence that supports, as well as the evidence that detracts from, the Commissioner's decision." Briscoe v. Barnhart, 425 F.3d 345, 351 (7th Cir. 2005). While the ALJ isn't required "to address every piece of evidence or testimony presented, he must provide a 'logical bridge' between the evidence and the conclusions so that [the court] can assess the validity of the agency's ultimate findings and afford the claimant meaningful judicial review." Jones v. Astrue, 623 F.3d 1155, 1160 (7th Cir. 2010). ALJs must "sufficiently articulate their assessment of the evidence to assure [the court] that they considered the important evidence and to enable [the court] to trace the path of their reasoning." Scott v. Barnhart, 297 F.3d 589, 595 (7th Cir. 2002) (internal quotations omitted).

     Mr. Hines argues that the ALJ erred by failing to weigh the opinion of treating neurologist Dr. Richard Cristea, including his adoption of Mr. Sullivan's weightlifting restrictions. Under the rules that applied when Mr. Hines filed his petition, a treating physician's opinion is entitled to controlling weight if it's well supported by medical findings and consistent with substantial evidence in the record. Johnson v. Berryhill, 745 F. App'x 247, 250 (7th Cir. 2018) (*citing* 20

C.F.R. § 404.1527(c)(2)); Brown v. Colvin, 845 F.3d 247, 252 (7th Cir. 2016)). The ALJ must consider and evaluate every medical opinion he receives. 20 C.F.R. § 404.1527(b)-(c). The ALJ doesn't discuss Dr. Cristea's opinion anywhere in his written decision.

Mr. Hines also argues that the ALJ erred in affording treating physician Dr. Lauren Harting's opinion little weight. If the ALJ doesn't give a treating physician's opinion controlling weight, he must consider several factors in deciding what weight to give any medical opinion, including the supportability of the medical opinion and its consistency the record as a whole. Campbell v. Astrue, 627 F.3d 299, 308 (7th Cir. 2010); 20 C.F.R. § 416.927(c). The ALJ afforded Dr. Harting's medical source statement little weight because it was "inconsistent with the medical evidence documenting lack of exercise due to arthritis." He said Dr. Harting routinely found that Mr. Hines had full strength except in his right shoulder and concluded, "[T]he opinion shows extreme limitations that are not supported by Dr. Harting's own medical record of objective testing and clinical signs."

In addition to the observations the ALJ cited in his written opinion, Dr. Harting noted several times in her records that the ALJ had neuropathy in his hands and feet and shoulder pain. Considering the evidence in Dr. Harting's record that detracts from the ALJ's conclusion, the ALJ didn't create a logical bridge between the evidence and his conclusion. Briscoe v. Barnhart, 425 F.3d 345, 351 (7th Cir. 2005).

Mr. Hines also argues that the ALJ erred in affording little weight to the opinion of physical therapist Paul Sullivan. While the ALJ isn't required "to address every piece of evidence or testimony presented, he must provide a 'logical bridge' between the evidence and the conclusions so that [the court] can assess the validity of the agency's ultimate findings and afford the claimant meaningful judicial review." Jones v. Astrue, 623 F.3d at 1160.

The ALJ correctly noted that Mr. Sullivan might not have used the same definition of disabled that the Commissioner uses, and that the Commissioner has the final responsibility for deciding a claimant's residual functional capacity. But Mr. Sullivan's offer of his own conclusion as to Mr. Hines' abilities isn't grounds on its own to ignore Mr. Sullivan's entire report. Bjornson v. Astrue, 671 F.3d 640, 647-648 (7th Cir. 2012) (*citing* 20 C.F.R. § 404.1527(e)(2)). The ALJ didn't create a logical bridge between his statement that he isn't bound by Mr. Sullivan's evaluation and his conclusion that the evaluation should be given little weight.

Accordingly, the Commissioner's decision is REVERSED and the case is REMANDED for further proceedings.

SO ORDERED.

ENTERED:   March 24, 2021

/s/ Robert L. Miller, Jr.
Judge, United States District Court